UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

                - against -

ZANE SKYERS,

                Defendant.

**MEMORANDUM & ORDER**
16-CR-377 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      On May 4, 2017, a jury convicted Defendant Zane Skyers of conspiracy to import and conspiracy to possess with intent to distribute a controlled substance containing cocaine, and on April 5, 2018, the Court sentenced Skyers to sixty months in custody. (Jury Verdict, Docket Entry No. 43; J. of Conviction, Docket Entry No. 57; Apr. 5, 2018 Sentencing Hr'g Tr. ("Sentencing Tr.") 15:24–16:4, Docket Entry No. 62.) Since then, Skyers has twice moved for compassionate release, arguing both times that his underlying medical conditions put him at increased risk of illness or death should he contract COVID-19 in custody. (Def.'s First Mot. for Compassionate Release ("Def.'s First Mot."), Docket Entry No. 65; Def.'s Mem. in Supp. of Def.'s First Mot. ("Def.'s First Mem."), Docket Entry No. 67; Def.'s Mot. for Recons., Docket Entry No. 70; Def.'s Mem. in Supp. of Def.'s Mot. for Recons., Docket Entry No. 71.) Both times, the Court denied his motions, finding that the requested relief was inconsistent with the 18 U.S.C. § 3553(a) factors. (Tr. dated Aug. 28, 2020, at 15:8–15:12; Mem. and Order dated Dec. 21, 2020, at 7 ("December 2020 Order"), Docket Entry No. 74.) In light of the new variants of the virus now in circulation, Skyers now moves for compassionate release for a third time on the same grounds, and the government opposes his motion. (Def.'s Third Mot. for Compassionate

Release ("Def.'s Third Mot.") 1–3, Docket Entry No. 75; Gov't Resp. in Opp'n to Def.'s Third Mot. ("Gov't Opp'n"), Docket Entry No. 76.)

For the reasons discussed below, the Court denies Skyers' third motion for compassionate release.

I. **Background**

    a. **Conviction and sentencing**

In the fall of 2015, Skyers recruited a co-conspirator to fly to St. Lucia, pick up cocaine, and smuggle it into the United States. (Presentence Investigation R. ("PSR") ¶ 3, Docket Entry No. 51.) The co-conspirator flew from John F. Kennedy International Airport ("JFK") to St. Lucia on November 3, 2015, and returned to JFK on November 7, 2015, with approximately 1.463 kilograms of cocaine hidden in his luggage. (*Id.*) While Skyers was driving to JFK to pick up his co-conspirator, U.S. Customs and Border Protection officers discovered the cocaine in the co-conspirator's luggage and arrested him prior to Skyers' arrival. (*Id.*)

On May 4, 2017, after a three-day trial, a jury convicted Skyers of conspiracy to import a controlled substance containing cocaine and conspiracy to possess with intent to distribute a controlled substance containing cocaine. (Jury Verdict; *see also* Tr. dated May 1, 2017, Docket Entry No. 48; Tr. dated May 2, 2017, Docket Entry 49; Tr. dated May 3, 2017, Docket Entry No. 50; Tr. dated May 4, 2017, Docket Entry No. 63.) At a sentencing hearing held on April 5, 2018, the Court found that Skyers' guideline range was seventy-eight to ninety-seven months of imprisonment,[1] (Sentencing Tr. 15:21–16:3), and sentenced him below that range to sixty months in custody and three years of supervised release, (*id.* at 16:22–17:6).

---

[1] Skyers' PSR initially advised a guideline range of ninety-two to one-hundred-fifteen months based on a total offense level of twenty-six, eight criminal history points, and a criminal

2

### b. Skyers' prior motions for compassionate release

On July 20, 2020, Skyers filed a motion for compassionate release arguing that his asthma, obesity, and hypertension put him at heightened risk of serious illness or death should he contract COVID-19 in custody and that he was unable to protect himself due to the conditions at Allenwood Medium FCI ("Allenwood"), where he is incarcerated. (Def.'s First Mot. 1, 25–26; Def.'s First Mem. 2.) Skyers argued that these factors, in combination with his family situation and changes to the safety-valve provisions enacted by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, warranted the modification of his sentence and his release to home confinement with supervised release. (Def.'s First Mem. 14–15.) The government opposed Skyers' motion, arguing that his age (thirty-four), medical conditions, and risk of contracting COVID-19 did not constitute extraordinary and compelling reasons to grant compassionate release, that the section 3553(a) factors weighed against release, and that the Court had already considered Skyers' family situation during his initial sentencing. (Gov't Resp. in Opp'n to Def.'s First Mot. 7–10, Docket Entry No. 68.) After hearing oral argument on August 28, 2020, the Court assumed that Skyers' medical conditions constituted extraordinary and compelling circumstances, (Tr. dated Aug. 28, 2020, at 14:24–15:2), but denied his motion, finding under the section 3553(a) factors that a sentence of time served would not adequately reflect the seriousness of his offense, (*id.* at 15:8–15:12). However, the Court granted Skyers leave to renew his motion should the circumstances at Allenwood change. (*Id.* at 16:9–16:10, 18:12–18:14.)

---

history category of four. (*See* Sentencing Tr. 3:18–3:21.) The Court determined that the criminal history category was overstated and that criminal history category three was appropriate due to the nonviolent nature of Skyers' prior offenses and minimal sentences imposed. (*Id.* at 8:2–8:9.)

On September 28, 2020, following an increase in active COVID-19 cases at Allenwood, Skyers moved for reconsideration of his motion for compassionate release and, in the alternative, for a reduction in his sentence. (Def.'s Mot. for Recons. 1–2; Def.'s Mem. in Supp. of Def.'s Mot. for Recons.) The government opposed Skyers' motion, (Gov't Opp'n to Def.'s Mot. for Recons., Docket Entry No. 72), and the Court denied the motion, again finding that releasing Skyers on time served would not be consistent with the section 3553(a) factors. (December 2020 Order 7.) The Court noted that, as it had stated at sentencing:

> Skyers played more than a minor role in his offense, as his conduct qualified him for an enhancement as a "leader, supervisor, or manager," (Sentencing Tr. 4:10–4:11), he conspired to import a large quantity of drugs into the country, (*id.* at 16:20–16:22), and his criminal history suggested a history of persistent criminal behavior, (*id.*). In addition, the Court's sentence of sixty months departed downward from the United States Sentencing Guidelines' range of seventy-eight to ninety-seven months. ([*Id.* at] 15:21–16:3.) Skyers has served less than half of that sentence, and a further reduction to time served would not adequately "reflect the seriousness of the offense, . . . promote respect for the law, [or] . . . provide[] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

(*Id.* at 7–8 (second and third alterations in original) (footnote omitted).) For the same reasons, the Court found that a reduction in Skyers' sentence was not warranted. (*Id.* at 8.)

    c. **Skyers' current motion**

On May 17, 2021, in light of the fact that the virus that causes COVID-19 has mutated, Skyers moved for compassionate release for a third time, again arguing that his underlying medical conditions place him at increased risk of serious illness or death should he contract one of the new variants of the virus in custody. (Def.'s Third Mot. 1–3.)

The government again opposes Skyers' motion, arguing that (1) "the Court denied [Skyers'] prior two motions on the grounds that compassionate release or a sentence reduction would be inconsistent with the section 3553(a) factors," and that analysis "compels the same

4

holding here," (Gov't Opp'n 2); (2) Skyers declined a vaccine on March 16, 2021, and "numerous courts have found[] [that a] defendant's refusal to take the COVID-19 vaccine warrants a denial of compassionate release,"[2] (*id.* (first citing *United States v. Robinson*, No. 17-CR-611-7, 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021) (collecting cases); then citing *United States v. Baeza-Vargas*, --- F. Supp. 3d ---, ---, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) (same); and then citing *United States v. Figueroa*, No. 09-CR-194, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021))); (3) "prior to refusing the vaccine, [Skyers] contracted COVID-19 in January [of] 2021 and . . . recovered from it," and "in this circumstance, the large majority of courts . . . have concluded that the risk is mitigated and compassionate release is not justified," (*id.* at 3 (first citing *United States v. Marley*, No. 16-CR-374, 2020 WL 7768406, at *3 (S.D.N.Y. Dec. 30, 2020); and then citing *United States v. McCallum*, No. 14-CR-476-12, 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020))); and (4) "the conditions at Allenwood appear to have substantially improved," as there are currently "no reported cases at the facility," (*id.* (citing *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronovirus/ (last visited May 27, 2021))).

## II. Discussion

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Pursuant to section 3582(c)(1)(A)(i), "a district court 'may reduce' the term of a defendant's imprisonment 'if it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (quoting 18 U.S.C.

---

[2] (*See also* Medical Records 2, annexed to Letter dated May 27, 2021, as Ex. A, Docket Entry No. 77-1.) Because the medical records include Skyers' personal information, the Court grants the government's request that they be filed under seal.

§ 3582(c)(1)(A)); *see also United States v. Fernandez*, No. 20-CR-2467, --- F. App'x ---, ---, 2021 WL 1749725, at *1 (2d Cir. May 4, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Under section 3582(c), and as relevant here, courts may modify a previously imposed sentence where:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility,[3] whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least [seventy] years of age, has served at least [thirty] years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Thus, even if a district court decides that a movant has shown extraordinary and compelling reasons for compassionate release, the court must also consider whether the factors set forth in 18 U.S.C. § 3553 support release. *See United States v. Butler*, 845 F. App'x 74, 81 (2d Cir. 2021) ("[T]he district court acted well within its discretion in

---

[3] Skyers argues that "[e]xhaustion of administrative remedies is subject to equittable [sic] exceptions," and "it would be futile for [him] to exhaust his administrative remedies." (Def.'s Third Mot. 2 (citing *United States v. Perez*, 451 F. Supp. 3d 288 (S.D.N.Y. 2020)).)

concluding that, even if extraordinary and compelling circumstances existed for his release, [the petitioner's] compassionate release motion should be denied because his release was not consistent with the [s]ection 3553(a) factors in this case."); *Roney*, 833 F. App'x at 853 ("We need not decide whether [the appellant] has proffered an extraordinary and compelling reason that warrants his release . . . because, even assuming *arguendo* that he has, we discern no abuse of discretion in the district court's conclusion that release is nevertheless unwarranted upon consideration of the [section] 3553(a) factors.").

Although the Court takes seriously the threat posed by the pandemic to incarcerated individuals and the heightened risk of complications faced by individuals, such as Skyers, with asthma, obesity, and hypertension, the situation at Allenwood appears to be under control, and a generalized fear of contracting COVID-19 does not constitute extraordinary and compelling circumstances warranting release. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prison's] statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) (collecting cases). In addition, as the government argues, Skyers' refusal to take the COVID-19 vaccine and his prior recovery from COVID-19 weigh against a finding that extraordinary and compelling circumstances exist. *See, e.g.*, *Robinson*, 2021 WL 1565663, at *3 (noting that courts "have nearly uniformly denied compassionate release sought for medical reasons" where inmates have refused vaccination and collecting cases); *see also, e.g.*, *Marley*, 2020 WL 7768406, at *3 ("In keeping with this [c]ourt's past decisions and the decisions of other courts that have considered the issue, 'a defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release.'" (quoting *United*

*States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020))). Finally, even assuming that extraordinary and compelling circumstances exist, the Court finds that the requested relief remains inconsistent with the section 3553(a) factors, and a further reduction to time served would not adequately "reflect the seriousness of the offense, . . . promote respect for the law, [or] . . . provide[] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

### III. Conclusion

Accordingly, for the reasons explained above, the Court denies Skyers' third motion for compassionate release.

Dated: June 7, 2021
      Brooklyn, New York

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge